UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL RHYMES,

                                Petitioner,

    -vs-

Superintendent of Attica
Correctional Facility,

                                Respondent.

**No. 6:16-CV-06015 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Michael Rhymes[1] ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered October 24, 1986, in New York State Supreme Court, Monroe County, following a jury verdict convicting him of four counts of murder in the second degree (N.Y. Penal Law § 125.25) and five counts of attempted robbery in the first degree (N.Y. Penal Law §§ 110.00, 160.15). Petitioner is currently serving an indeterminate prison term of 50 years to life.

## II. Factual Background and Procedural History

The charges against petitioner arose out of a September 1984 incident in which petitioner and two accomplices attempted to rob Rico's Bar and Restaurant in Rochester, New York. In the course of

---

[1] The Court's caption for this case incorrectly reflects petitioner's name as Michael Rhynes, but the record before the Court makes clear that petitioner's surname is Rhymes. The Clerk of the Court is hereby directed to correct petitioner's name in the case caption prior to closing this case.

attempting to commit that crime, the bar's owner, Enrico Ferrari, as well as a patron, Robert Hurysz, were fatally shot and killed. The jury found petitioner guilty as charged, and on October 24, 1986, he was sentenced to an aggregate prison term of 50 years to life.

Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department. On April 14, 1989, the Fourth Department unanimously affirmed petitioner's judgment of conviction. People v. Rhmes, 149 A.D.2d 906 (4th Dep't 1989), lv. denied, 74 N.Y.2d 746.

Petitioner filed four motions for writs of error coram nobis, all of which were denied by the Fourth Department and leave applications dismissed by the Court of Appeals: (1) a *pro se* motion dated August 27, 1991; (2) a counseled motion dated February 6, 2002; (3) a *pro se* motion dated November 28, 2008; and (4) a *pro se* motion dated February 23, 2013. Petitioner also filed four *pro se* motions to vacate his judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10, all of which were denied by the trial court and the Fourth Department denied leave to appeal. Those motions were dated April 26, 1994; November 12, 1996; December 1, 2006; and January 16, 2015.

This habeas petition followed, in which petitioner contends that (1) he is actually innocent of the crimes for which he was convicted; (2) the prosecutor presented false evidence by

introducing testimony that suggested that Ferarri had seen the face of the people who robbed him in a prior 1983 case and suppressed other evidence that the robbers wore masks during that robbery; (3) the People committed a Brady violation by failing to give the defense information concerning the photo array procedure that the police conducted with a witness; and (4) trial counsel was ineffective for failure to (a) call certain witnesses; (b) impeach certain witnesses; (c) argue that the People committed a Brady violation; and (d) argue that the prosecutor committed misconduct. Respondent argues that the petition is untimely, and for the reasons discussed below, the Court agrees.

### III. Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA requires that a federal habeas corpus petition be filed within one year of the date on which the petitioner's state court conviction becomes final. 28 U.S.C. § 2241(d)(1). A habeas petitioner's conviction generally becomes final for AEDPA purposes upon, "either the completion of certiorari proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for certiorari – the time to seek direct review via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

According to this analysis, petitioner's judgment became final on September 11, 1989, the date his time to seek a writ of

certiorari in the Supreme Court expired. However, since petitioner's judgment of conviction became final prior to the enactment of AEDPA, he was entitled to a "grace period" for filing a timely petition until April 24, 1997, which was one year following the statute's effective date. See Ross v. Artuz, 150 F.3d 97, 103 (2d cir. 1998).

Petitioner's one-year statute of limitations period thus began to run on April 24, 1996, the effective date of AEDPA. It was tolled 202 days later, on November 12, 1996, when he filed a CPL § 440.10 motion in Monroe County Court. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) ("The limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts[.]") (citing Artuz v. Bennett, 531 U.S. 4, 8–11 (2000)). That proceeding concluded on April 15, 1997, when the Fourth Department denied petitioner's leave application. At that point, petitioner's statute of limitations again began to run for the remaining 163-day period, and expired on September 25, 1997.

Petitioner filed the instant habeas petition more than 18 years later, on November 10, 2015, the date he gave it to correctional authorities. See Houston v. Lack, 487 U.S. 266, 270 (1988) (adopting the "mailbox rule" as applicable to habeas petitions). Petitioner's subsequent post-conviction motions challenging his conviction did not toll the limitations period because that period had already expired. See Smith v. McGinnis, 208

F.3d 13, 17 (2d Cir. 2000) ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

Thus, the petition is untimely, unless petitioner can establish grounds for equitable tolling or make a gateway showing of actual innocence. In order to qualify for equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner's reply to respondent's response does not acknowledge the untimeliness of his petition. He asserts no grounds for equitable tolling.

The Second Circuit has held that a habeas petitioner who satisfies the Supreme Court's "actual innocence" standard may proceed through the "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995), and have his substantive claims heard on the merits. Rivas v. Fischer, 687 F.3d 514, 540 (2d Cir. 2012). "[T]o present a successful gateway claim of actual innocence a petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is

also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 541.

In his reply, petitioner asserts that he is actually innocent of the crimes with which he was charged because of prosecutorial misconduct at the trial, an improper identification procedure, and ineffective assistance of trial counsel manifested through the effect of numerous errors. These allegations do not present any evidence of petitioner's actual innocence, and therefore petitioner has failed to make a gateway showing. Accordingly, his petition is dismissed as untimely.

**IV. Conclusion**

For the foregoing reasons, the petition (doc. 1) is dismissed as untimely. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Clerk of the Court is directed to correct the case caption to state petitioner's name as "Michael Rhymes," and is thereafter directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   December 14, 2016
         Rochester, New York.